UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 1:17CR512** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | |
| | ) | |
| **HERBERT SHAW,** | ) | **OPINION AND ORDER** |
| | ) | |
| **Defendant.** | ) | |

**CHRISTOPHER A. BOYKO, J.:**

Before the Court is Defendant Herbert Shaw's Second Motion for Bond. (Doc. 304). For the following reasons, Defendant's Motion is **DENIED**.

### I. BACKGROUND

On December 6, 2017, a Grand Jury indicted Defendant with one count of Conspiracy to Possess with Intent to Distribute and Distribute Controlled Substances, a violation of 21 U.S.C. § 846 ("Count 1"); and one count of Use of a Communications Facility to Facilitate a Felony Drug Offense, a violation of 21 U.S.C. § 843(b) ("Count 17"). (Doc. 3). On October 31, 2019, Defendant entered a Plea Agreement as to Count 1 and pleaded guilty.[1] (Non-Doc. Entry, 10/31/2019). A Sentencing Hearing has been set for June 12, 2020.

---

[1] Defendant pleaded guilty before Magistrate Judge Greenberg, who recommended that Defendant's plea of guilty be accepted and a finding of guilty be entered by the Court. (Doc. 290). The Court adopted the Recommendation (Doc. 294) and entered the Plea Agreement on the record. (Doc. 295).

On April 6, 2020, Defendant filed his Second Motion for Bond[2] asking for release prior to Sentencing. (Doc. 304). The Government responded the same day asking the Court to deny Defendant's Motion. (Doc. 305).

## II. LAW & ANALYSIS

Generally, a person found guilty of an offense must be detained while awaiting the imposition of a sentence. *See* 18 U.S.C. § 3143(a)(1). Two exceptions exist. The first applies when the applicable Sentencing Guidelines do not recommend a term of imprisonment. *Id.* The second applies when a judge finds "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released…" *Id.* Section 3143 "presumes dangerousness and the criminal defendant must overcome this presumption." *United States v. Vance*, 851 F.2d 166, 168 (6th Cir. 1988).

Here, Defendant has not overcome the presumption of dangerousness. Defendant pleaded guilty to Count 1. By doing so, he faces a statutory range of five to forty years imprisonment. Therefore, the Court must detain Defendant unless an exception applies. For the following reasons, Defendant cannot show any applicable exception.

As Defendant admits in his Motion, he faces a minimum Sentencing Guideline range of 30 to 37 months imprisonment. By Defendant's own admission then, the first exception of §3143(a)(1) does not apply. Nor is this conclusion changed by the amount of prison time Defendant has already served. Defendant has been incarcerated since his arrest on December 8, 2017. By the time he is sentenced on June 12, 2020, he will have served just over 30 months. However, both the Plea Agreement and the final Presentence Investigation Report (Doc. 300, *sealed*) contemplate finding Defendant a career offender under United States Sentencing

---

[2] Defendant filed his first Motion for Bond on November 6, 2019 based on the amount time he has already served. (Doc. 291). On December 16, 2019, Magistrate Judge Greenberg denied the Motion. (Doc. 296).

Guideline §4B.1.1. While Defendant has objected to this finding, Defendant's designation as a career offender would increase his sentencing exposure. Rather than make that finding now, the Court will address the career offender issue at the time of Sentencing. Important for the instant Motion however, is that whichever Guideline Range the Court uses recommends a term of imprisonment. Therefore, the first exception of § 3143(a)(1) is inapplicable.

More importantly, Defendant has not shown by clear and convincing evidence that he is not likely to flee or pose a danger to the community if he is released. In one sentence Defendant states that he "is not a flight risk and is not [a] danger to the community and has full family support." (Doc. 304, PageID: 2101). But Defendant ignores his lengthy criminal history, which includes violent crimes, drug crimes and violations of mandated court supervision. And as the Magistrate Judge found in his original detention determination, Defendant has a history of substance abuse. (Doc. 49, PageID: 208). Defendant has not disputed any of these findings. Therefore, Defendant has not shown with clear and convincing evidence that he is not likely to flee or pose a danger to the community if released.

Rather than focusing on his danger to the community or likelihood of flight, Defendant asks the Court to release him "due to the COVID-19 also known as the Coronavirus." (Doc. 304, 2101). While the Court agrees that COVID-19 presents unique challenges to certain populations, the existence of COVID-19 has no impact on Defendant's danger to the community or flight risk if released. Defendant does not allege he contracted COVID-19. In fact, he does not allege he has any prior health condition making him an "at-risk" person. As of now, the jails are taking precautions to limit the spread of COVID-19.[3] (Doc. 305, PageID: 2105-09).

---

[3] As of April 14, 2020, Northeast Ohio Correctional Center—the facility where Defendant is currently detained—has reported that no inmates have contracted COVID-19. (https://drc.ohio.gov/Portals/0/DRC%20COVID-19%20Information%2004-14-2020.pdf) (last accessed Apr. 15, 2020). While the institution is in lockdown, this appears to be a precautionary measure due to one of the institution's staff members testing positive for the virus.

The Court recognizes Defendant's concerns due to COVID-19. But Defendant is subject to detention because he has not satisfied either exception under § 3143(a)(1). Therefore, Defendant's Motion fails.

### III. CONCLUSION

Accordingly, Defendant's Motion (Doc. 304) is **DENIED**.

**IT IS SO ORDERED.**

                                            s/ Christopher A. Boyko
                                            **CHRISTOPHER A. BOYKO**
                                            **Senior United States District Judge**

**Dated: April 15, 2020**